UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cr-00097-1

**United States of America**

v.

**Shawn Carl Gaitan**

# OPINION AND ORDER

Before the court is defendant's motion to be excused from prepaying court fees in his appeal from this court's order denying a sentence reduction. Doc. 488. Any "court of the United States" may authorize such an in forma pauperis appeal "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). But "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3).

The Fifth Circuit has two, conflicting lines of precedent on whether a district court's order denying in forma pauperis status must be a "final decision" appealable under 28 U.S.C. § 1291. This opinion explains the need for appellate resolution of that conflict, which bears on whether § 1291 limits a district court's authority to assign a magistrate judge to determine motions for in forma pauperis appeal.

**1.** The Fifth Circuit's first and earlier line of precedent holds that an order denying in forma pauperis appeal is not a "final decision" appealable under 28 U.S.C. § 1291. *Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957) ("An application for leave to proceed in forma pauperis is addressed to the sound discretion of the court, and an order denying such an application is not a final order from which an appeal will lie."); *Parsell v. United States*, 218 F.2d 232, 235 (5th Cir. 1955) (adopting the "thoroughly considered, well reasoned, and fully supported opinion" of the Eighth Circuit in *Higgins v. Steele*, 195 F.2d 366, 368 (8th Cir. 1952), that "[a]n

- 1 -

application for leave to proceed in forma pauperis is addressed to the sound discretion of the court, and an order denying such an application is not a final order from which an appeal will lie").

    **a.** On that view, a prisoner should instead move under Federal Rule of Appellate Procedure 24(a)(5) for the court of appeals to itself allow pauper status (which "any court of the United States" may authorize). 28 U.S.C. § 1915(a)(1). That motion practice is different than an appeal from a district-court decision. So the Fifth Circuit has held that an appeal from a district-court order denying pauper status should be dismissed for lack of jurisdiction. *Lamarche v. Sunbeam Television Corp.*, 446 F.2d 880, 880 (5th Cir. 1971) ("[N]either order is a final decision appealable under Title 28, U.S.C., Section 1291, nor an interlocutory order appealable under Title 28, U.S.C. Section 1292. The appeal is accordingly ordered dismissed for lack of jurisdiction."). Other courts of appeals reach the same conclusion:

> A litigant need only file a proper notice of appeal from a district court order or judgment and then file a pauper motion with the district court. Once the district court denies the pauper motion, the litigant can file a motion for pauper status with this court in accordance with the procedures that we have previously discussed. Any appeal from an order denying pauper status on appeal will not be entertained and shall be dismissed sua sponte.

*E.g.*, *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999).

    **b.** Upon a prisoner's filing of a Rule 24(a)(5) motion in the court of appeals, a district court's § 1915(a)(3) certification of frivolousness (if any) can be revisited under one of two approaches.

    **i.** First, several courts reason that, pursuant to the Rules Enabling Act, Congress's acquiescence to Rule 24(a)(5)'s motion procedure trumps any aspect of § 1915(a)(3) that could be read to give a district court's certification preclusive effect—thus allowing a court of appeals to issue pauper status upon its own, de novo review of both finances and frivolousness. *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (collecting

cases). The Fifth Circuit endorsed this view in *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), holding that Congress's mere renumbering of § 1915(a)(3) in 1996 did not override Congress's acquiescence over the decades to Rule 24(a)(5)'s motion procedure. *Id.* at 201.

**ii.** Second, even if § 1915(a)(3) is read to give preclusive effect to a trial court's certification, a prisoner's Rule 24(a)(5) motion can be recharacterized as an application for a writ of mandamus or similar relief to set aside that frivolousness certification. Fed. R. App. P. 21 (mandamus procedure); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) ("[T]his court has approved in other contexts the recharacterization of pro se prisoner claims by both this court and district courts according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint.").

That approach would involve the more deferential standard of review governing mandamus, akin to that articulated in older cases for review of a frivolousness certification. *Wells v. United States*, 318 U.S. 257, 259 (1943) ("[W]hen the trial court has certified its opinion that the appeal is not taken in good faith . . . , the certification must be given effect at least to the extent of being accepted by appellate courts as controlling in the absence of some showing that the certificate is made without warrant or not in good faith."); *Parsell*, 218 F.2d at 236 (5th Cir.) ("we will not entertain a direct application to this Court for a certificate of good faith as a basis for allowing an appeal in forma pauperis unless it clearly appears from the record submitted to us that the denial of such a certificate by the trial court was arbitrary or unwarranted").

**iii.** But regardless of the standard of review used—de novo or deferential—neither approach to reviewing a frivolousness certification involves a § 1291 appeal from the merits of a district-court order denying pauper status. Rather, both variants of this first approach proceed upon an independent motion in the court of appeals for pauper status, pursuant to Rule 24(a)(5). In adopting this

first approach, therefore, the Fifth Circuit noted that "occasionally we have blurred the distinction between motions to proceed IFP and appeals on the merits" but held that Rule 24 "establishes a subsequent motion in the court of appeals, rather than an appeal from the order of denial or from the certification of lack of good faith, as the proper procedure for calling in question the correctness of the action of the district court." *Baugh*, 117 F.3d at 201 (quotation marks omitted).

The Sixth Circuit in *Callihan* likewise held that a district court's order denying pauper status need not be a "final decision" appealable under 28 U.S.C. § 1291 to enable a court of appeals to pass upon a district court's reasoning by ruling on a Rule 24(a)(5) motion in the court of appeals. 178 F.3d at 804 ("As the procedures that we have just outlined provide for appellate review of the denial of a motion for in forma pauperis status, an appeal from a district court decision denying pauper status before this court is not necessary.").

**2.** The Fifth Circuit's second, conflicting line of precedent holds that a court of appeals does lack jurisdiction to decide a Rule 24(a)(5) motion for pauper status if a district court's order denying pauper status is not itself a § 1291 appealable "final decision." *Donaldson v. Ducote*, 373 F.3d 622 (5th Cir. 2004) (per curiam). That is the decision cited by the Fifth Circuit here in entering a limited remand. Doc. 502 at 2.

For that proposition, *Donaldson* relied on a Sixth Circuit decision that arose in a different procedural posture, in which the defendant had appealed from an order denying pauper status. *Ambrose v. Welch*, 729 F.2d 1084, 1084–85 (6th Cir. 1984) (per curiam) ("This case is before the Court upon Clay Ambrose's appeal from an order of the United States Magistrate denying him leave to proceed in forma pauperis . . . . From this order Ambrose appealed directly to this Court."). So the Sixth Circuit analyzed only whether it had jurisdiction under § 1291 to review Ambrose's appeal. *Id.* at 1085 (concluding that the order was not final because it was issued by a magistrate judge without party consent, but not

- 4 -

addressing whether the order would have been an appealable final order even had a district judge entered it).

Because the defendant in *Ambrose* appealed from a non-final order, the Sixth Circuit dismissed the appeal for lack of jurisdiction. *Id*. Although the order in *Ambrose* was held non-final for a different reason (its issuance by a magistrate judge), the Sixth Circuit's judgment comports with the Fifth Circuit's original approach of dismissing § 1291 appeals from orders denying pauper status (even when issued by a district judge). *See Lamarche*, 446 F.2d at 880 (5th Cir.) ("[N]either order is a final decision appealable under Title 28, U.S.C., Section 1291, nor an interlocutory order appealable under Title 28, U.S.C. Section 1292. The appeal is accordingly ordered dismissed for lack of jurisdiction."); *accord, e.g.*, *Callihan*, 178 F.3d at 804 (6th Cir.) ("Any appeal from an order denying pauper status on appeal will not be entertained and shall be dismissed sua sponte.").

In *Donaldson*, however, the Fifth Circuit confronted a defendant appealing an admitted final judgment (dismissing his § 1983 complaint) and who moved in the court of appeals for pauper status pursuant to Rule 24(a)(5). 373 F.3d at 623–24. But despite addressing a Rule 24(a)(5) motion as opposed to an appeal of a pauper denial, *Donaldson* nonetheless applied the language of *Ambrose*, stating: "because the district court has not entered a final, appealable order . . . , we do not have jurisdiction over Donaldson's motion to proceed IFP." *Id*. at 625.

This appears to be the first time that the Fifth Circuit linked its jurisdiction to rule on a Rule 24(a)(5) motion for pauper status with whether the district court had entered a "final decision" on pauper status that is appealable under § 1291. *Donaldson* did so without receiving any briefing from the parties on the issue. Nor did *Donaldson* reconcile its holding with the Fifth Circuit's earlier holding that even a district judge's order denying pauper status "is not a final order from which an appeal will lie." *Gomez*, 245 F.2d at 347.

**3.** Under the rule of orderliness, the Fifth Circuit's earlier *Gomez* and *Baugh* decisions may well control over *Donaldson* on the question whether a district court's order denying pauper status is a "final decision" appealable under 28 U.S.C. § 1291. Courts would benefit from appellate clarification as to which of the two, competing lines of precedent controls.

If *Gomez* and *Baugh* are right that district-court orders resolving pauper motions are not appealable final orders, regardless of which court official enters them, then district courts should be able to refer those motions for decision by a magistrate judge, at least in part up to any constitutional limit regarding non-Article III adjudication. 28 U.S.C. § 636(b)(3); *see Stern v. Marshall*, 564 U.S. 462, 500 (2011) (distinguishing the power to enter final judgments without party consent from the power, like that regarding review of financial resources, to make specialized, narrowly confined factual determinations). For example, the Fifth Circuit itself authorizes a non-Article III official (its clerk of court) to dispose of at least some motions to appeal in forma pauperis. 5th Cir. Local Rule 27.1.17. And 28 U.S.C. § 1915(a) directs only a ruling by a "court" as opposed to a specific official acting for the court.

Appellate clarification sua sponte would be useful on the issue because the opportunity for adversarial presentation appears minimal. Neither *Donaldson* nor this case involved party briefing on the issue. Indeed, the government here confirms that it views the remand order "as relating to matters of court administration outside of the government's jurisdiction." Doc. 503. So there is no adversity between the parties on the matter, as might elicit the presentation of competing rationales.

Sua sponte review, although rare, also has occurred in similar circumstances. *E.g.*, *In re Flynn*, 973 F.3d 74, 77 (D.C. Cir. 2020) (noting the court's sua sponte rehearing of a matter, after a district-court suggestion, on an issue as to which the parties to the underlying action were not adverse). And the Rules Advisory Committee has specifically envisioned the appointment of an amicus curiae to present undeveloped views on internal matters of

court administration. Fed. R. App. P. 21 adv. comm. n. (1996) (noting that in some mandamus matters, "especially those involving court administration," a court of appeals may "invite an *amicus curiae* to provide a response"). This court thus respectfully suggests that the court of appeals may wish to consider sua sponte rehearing or reconsideration to clarify its case law.

**4.** Although the court of appeals' order of June 24, 2025, was unaccompanied by a mandate and is not labeled a writ of mandamus, this court understands the order as having the effect of a mandate or mandamus as it concerns the issue of which judicial officer of this court should dispose of the frivolousness determination attendant to the in forma pauperis motion. If that understanding is correct, and only if this step does not disrupt any rehearing or reconsideration desired by the Fifth Circuit, the undersigned adopts the reasons articulated by the magistrate judge (Doc. 492) and denies the in forma pauperis motion (Doc. 488).

*So ordered by the court on July 7, 2025.*

J. CAMPBELL BARKER
United States District Judge